# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|  |  |
|---|---|
| PATRICK MALEUS, | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) **COMPLAINT** |
| v. | ) **C.A. No.  08-11260** |
|  | ) |
| UNITED COLLECTION BUREAU, INC | ) |
|  | ) |
|  | ) |
| Defendant | ) |
|  | ) |
|  | ) |

_____

## Introduction

1.     This is an action brought by an individual consumer for unfair and deceptive debt collection and credit reporting practices.  Defendant has violated the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"); the federal Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"); the Massachusetts debt collection statutes, M.G.L. c. 93, §§24-28 and M.G.L. c.93, §49; the Massachusetts Banking Commissioner's debt collection regulations, 209 C.M.R. 18.00, et seq.; the Massachusetts Attorney General's debt collection regulations, 940 C.M.R. 7:00 et seq.; and M.G.L. c. 93A and the Attorney General's regulations promulgated thereunder (940 C.M.R. 3.01 et seq.).

**Parties**

2.      Plaintiff, Patrick Maleus ("Mr. Maleus"), is an individual who resides at 190 Haverhill Street, Metheun, Massachusetts 01844.

3.      Defendant, United Collection Bureau, Inc. ("UCB "), is a debt collector as defined by the FDCPA and relevant state law with a principal place of business at 5620 Southwyck Boulevard, Toledo, OH  43614.

**Jurisdiction And Venue**

4.      This Court has original jurisdiction over this action and UCB pursuant to 28 U.S.C §§ 1331 and 1367, 15 U.S.C. §1692k(d) and 15 U.S.C. §1681p.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to Mr. Maleus' claims occurred here.

**Facts**

5.      In early 2007, UCB reported to one or more consumer reporting agencies that Mr. Maleus had a collection account with an original creditor of Bay State Gas Company.

6.      In February 2007 Mr. Maleus reviewed his Experian credit report and noticed the UCB entry which he did not recognize.

7.      Mr. Maleus had never had an account with Bay State Gas Company.

8.      On March 7, 2007, Mr. Maleus wrote to UCB disputing the debt and asking for validation.

9.      UCB did not respond to the March 7, 2007 letter.

10.     Mr. Maleus sent a second letter to UCB on July 20, 2007 disputing the debt and again asked for validation of the debt.

11.     UCB received this letter on or about July 24, 2007.

12.     On or about July 28, 2007 Mr. Maleus disputed the UCB account on his credit report with Experian.

13.     On information and belief, Experian notified UCB of Mr. Maleus' dispute.

14.     In late July 2007, UCB verified the account information to Experian in response to this dispute.

15.     UCB did not note Mr. Maleus' dispute in its communication with Experian.

16.     On July 31, 2008, UCB received a print out dated July 30, 2007 from Bay State Gas summarizing amounts charged to an account in the name of Patrick Maleus.

17.     UCB never reviewed any other account records regarding the alleged debt.

18.     UCB did not respond to Mr. Maleus' July 20, 2007 dispute letter.

19.     On December 15, 2007, Mr. Maleus wrote a third dispute letter to UCB again seeking validation of the debt to Bay State Gas Company.

20.     On January 3, 2008 UCB wrote to Mr. Maleus for the first time and attached a print out dated July 30, 2007 from Bay State Gas summarizing amounts charged to an account in the name of Patrick Maleus.

21.     UCB's January 3, 2008 letter did not include the validation notice required by 15 U.S.C. §1692g.

22.     Mr. Maleus continued to write to UCB disputing the debt, sending letters on January 8, 2008,  January 21, 2008 and February 3, 2008.

23.     At no time did UCB provide Mr. Maleus with any further documentation.

24.     At no time did UCB inform Experian that the debt was disputed by Mr. Maleus.

25.     On March 5, 2008 UCB wrote to the Ohio Better Business Bureau summarizing its dealings with Mr. Maleus.

26.     In April 2008, after Mr. Maleus' attorney contacted UCB with proof that Mr. Maleus did not live at the property in question during the relevant time period, the tradeline was finally removed from Mr. Maleus' Experian credit report.

27.     Mr. Maleus has suffered damages as a result of UCB's conduct including but not limited to, humiliation, embarrassment, stress, detriment to his credit rating, out of pocket expenses, loss of time, and costs and attorney's fees expended in enforcing his legal rights.

28.     On June 11, 2008, Mr. Maleus made a demand upon UCB pursuant to M.G.L. c. 93A, §9.   A true and correct copy of Mr. Maleus' c. 93A demand letter with proof of receipt is attached as **Exhibit A**.

29.     UCB refused or failed to make any reasonable offer of settlement in response to the  c. 93A letter.

## Count I: Violation Of The FDCPA
## 15 U.S.C. §1692g

30.     Plaintiff restates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

31.     UCB is a debt collector pursuant to 15 U.S.C. §1692a.

32.     The alleged debt at issue is a consumer debt pursuant to 15 U.S.C. §1692a.

33.    UCB violated 15 U.S.C. §1692g(a) by failing to include the required validation notice in its initial communication to Mr. Maleus or within five days thereafter.

34.    As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff in the sum of his actual damages, statutory damages, costs and attorney's fees.

## Count II: Violation Of The FDCPA
## 15 U.S.C. §1692e(8)

35.    Plaintiff restates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

36.    UCB communicated information to Experian which was known or should have been known to be false in violation of  15 U.S.C. §1692e(8).

37.    UCB failed to communicate Mr. Maleus' dispute of the alleged debt to Experian in violation of  15 U.S.C. §1692e(8).

38.    As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff in the sum of his actual damages, statutory damages, costs and attorney's fees.

## Count III: Violation Of The FCRA
## 15 U.S.C. §1681s-2(b)

39.    Plaintiff restates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

40.    As detailed above, UCB has violated the FCRA.

41.    UCB failed to conduct a reasonable investigation when contacted by Experian regarding Mr. Maleus' dispute in July 2007 in violation of  15 U.S.C. §1681s-2(b)(1).

42.     As a result of the above violations of the FCRA, the Defendant is liable to the Plaintiff in the sum of his actual damages, costs and attorney's fees.  15 U.S.C. §1681o(a).

43.     UCB's conduct was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. §1681n.


## Count IV:  M.G.L. c. 93A

44.     Plaintiff restates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

45.     As detailed above, the Defendant has violated M.G.L. c. 93A, §2 and the Attorney General's regulations promulgated thereunder (940 C.M.R. 3.01 et seq.).

46.     UCB violated M.G.L. c. 93, §49 by attempting to collect a debt incurred by the plaintiff primarily for personal, family or household purposes in an unfair, deceptive or unreasonable manner.  Violation of this statute violates M.G.L. c. 93A.

47.     UCB violated 209 C.M.R. 18.18 by failing to send Mr. Maleus a validation notice.  Violation of this regulation violates M.G.L. c. 93A.  M.G.L. c. 93, §28.

48.     UCB violated 209 C.M.R. 18.16(8) by failing to note Mr. Maleus' dispute in its communications to Experian regarding the alleged debt. Violation of this regulation violates M.G.L. c. 93A.  M.G.L. c. 93, §28.

49.     UCB violated 209 C.M.R. 18.17(11) by reporting on Mr. Maleus to Experian in its own name. Violation of this regulation violates M.G.L. c. 93A.  M.G.L. c. 93, §28.

50.     The conduct of UCB was willful or knowing within the meaning of M.G.L. c. 93A, §2.

51.     Mr. Maleus has suffered damages as a result of UCB's conduct including but not limited to, humiliation, embarrassment, stress, detriment to his credit rating, out of pocket expenses, loss of time, and costs and attorney's fees expended in enforcing his legal rights.

52.     UCB's refusal to grant relief upon demand was in bad faith, with knowledge or reason to know that the acts or practices complained of violated c. 93A, §2.

53.     As a result of the above violations of state law, the Defendant is liable to the Plaintiff in the sum of the Plaintiff's actual damages, doubled or trebled, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant in the amount of:

(a)  actual damages, doubled or trebled pursuant to M.G.L. c. 93A;

(b)  actual damages pursuant to 15 U.S.C. §1692k and 15 U.S.C. §§1681n-1681o;

(c)  statutory damages pursuant to 15 U.S.C. §1692k;

(d)  statutory damages pursuant to M.G.L. c. 93A, §9;

(e)  costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, 15 U.S.C. §§1681n-1681o and M.G.L. c. 93A, §9;

(f)  punitive damages pursuant to 15 U.S.C. §1681n; and

(g)  for such other and further relief as may be just and proper.

### Jury Demand

Plaintiff demands trial by jury.

Respectfully submitted,
Patrick Maleus
By his attorney:


/s/ Elizabeth A. Miller
Elizabeth A. Miller
Attorney at Law
BBO #559347
P.O. Box 66026
Auburndale, MA 02466
Telephone: (617) 467-4335
elizabethamiller@comcast.net


Date: July 23, 2008